**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AKHMAD SUKUEV, Petitioner, v. CHRIS GANTT[1], et al., Respondents. | ) | Case No. CIV-26-532-SLP |

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 15] (R&R) of United States Magistrate Judge Chris M. Stephens. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 16], and Petitioner filed a Motion for Ruling, [Doc. No. 17]. The matter is at issue. For the reasons that follow, the Court GRANTS, in part, the Petition.

Petitioner is a citizen of Russia. On or around July 11, 2023, he entered the United States, where Petitioner presented himself to immigration authorities at a United States designated port of entry near San Ysidro, California. Shortly thereafter, Petitioner was released on parole pursuant to 8 U.S.C. § 1182(d)(5). Also on July 11, 2023, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through a Notice to Appear. Respondents charged him with being inadmissible

[1] Chris Gantt was announced as Warden of Cimarron Correctional Facility in May 2026. He replaces Scarlet Grant and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

under 8 U.S.C. § 1182(a)(7)(A)(i) as someone who entered the United States without inspection or parole. On April 21, 2024, Petitioner filed an Application for Asylum and Withholding.

Petitioner was detained by ICE on February 23, 2026. Respondents allege ICE detained Petitioner pursuant to 8 U.S.C. § 1225(b)(1). At the time of filing his petition, Petitioner was detained at Cimarron Correctional Facility in Cushing, Oklahoma.

On March 17, 2026, Petitioner filed this action, claiming violations of his procedural and substantive due process rights. He also claimed violations of the Administrative Procedure Act, applicable regulations, and the *Acardi* doctrine. As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing.

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner a bond hearing, pursuant to 8 U.S.C. § 1226(a) or otherwise release Petitioner if he has not received a lawful bond hearing within that time.

Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(1) upon expiration of his parole. The Court has previously "found that § 1225(b)(1) doesn't apply in circumstances where . . . the noncitizen has resided in the [United States] for several years before their parole under § 1182(d)(5) is revoked." *Drozdov v. Lyons*, No. CIV-26-265-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026); *see also Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *2 (W.D. Okla. June 9, 2026) (finding revocation of parole does not return petitioner to their prior status at border). The Court's finding of the inapplicability of § 1225(b) to Petitioner's circumstances is consistent with decisions within this judicial district and across the

country. *See*, *e.g.*, *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *1-2 (W.D. Okla. June 29, 2026); *Khubiev v. Baltasar*, No. 25-cv-03955-STV, 2026 WL 864237, at **5-6 (D. Colo. Mar. 30, 2026); *Flores v. Leyva*, No. 4:26-cv-00060-DN-PK, 2026 WL 1830958, at **8-10 (D. Utah June 25, 2026); *Salgado v. Francis*, No. 25-CV-6524 (VEC), 2026 WL 915304, at *6 (S.D.N.Y. April 3, 2026). The Court finds Respondents' position unpersuasive.[2]

Because Petitioner is treated similar to "any other applicant for admission to the United States," the Court finds Petitioner's detention is governed by §1226(a).[3] *See Drozdov*, 2026 WL 1470929, at 3 (finding the same); *Singh*, 2026 WL 1661971, at *3 (same). Accordingly, Petitioner is due the process provided by § 1226(a), including an

[2] Additionality, the Court has previously found the Tenth Circuit authority relied upon by Respondents is distinguishable and does not apply to circumstances similar to Petitioner's. *See Drozdov*, 2026 WL 1470929, at *2 (rejecting applicability of *Baca-Prieto v. Guigni*). Similarly, the Court finds that the Supreme Court's decisions in *Kaplan v. Tod*, 267 U.S. 228 (1925), *Leng May Ma v. Baber*, 357 U.S. 185 (1958), and *Nishimura Ekiu v. United States*, 142 U.S. 651 (1892) are distinguishable. The decisions were issued significantly prior to the enactment of the Illegal Immigration Reform and Nationality Act of 1996. Furthermore, these decisions do not discuss the effect of termination of parole under § 1182(d)(5) nor detention under § 1225(b)(1).

[3] The Tenth Circuit recently held that 8 U.S.C. § 1225(b)(2) does not apply to "noncitizens who entered the United States and were thereafter detained in the interior of the country." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026). Pointedly, the Tenth Circuit noted that the respondents in that case did not bring any arguments that § 1225(b)(1)(A) applied to the petitioners. *See id.*, n. 6. However, as discussed above, the Court has previously found in circumstances similar to Petitioner that an immigration detainee is not subject to mandatory detention under § 1225(b)(1), rather, that they are subject to the provisions of § 1226(a).

individualized bond hearing.[4] *See Rolia v. Mullin*, 2026 WL 1833993, at *1 (W.D. Okla. June 25, 2026); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because ... § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ.")

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 15] is ADOPTED IN PART, to the extent that the Magistrate Judge found that § 1226(a) applies to Petitioner's detention.

IT IS FURTHER ORDERED that the Petition, [Doc. No. 1], is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days[5] of the date of this Order or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

IT IS FURTHER ORDERED that Petitioner's Motion for Ruling, [Doc. No. 17], is DENIED as MOOT.

A separate judgment shall be entered.

---

[4] Petitioner requested in his Petition his release or, in the alternative, a bond hearing. *See* Pet. [Doc. No. 1] at 9; *see also* Mot. for Ruling [Doc. No. 17] at 4.

[5] The Magistrate Judge recommended ordering the Respondents to provide Petitioner a bond hearing within five (5) business days. The Court finds that ordering Respondents to provide a bond hearing within seven (7) days is appropriate. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026) ("…[T]he district court shall order the Government to, **within seven days of such order**, either provide him with a bond hearing or else release him.) (emphasis added).

IT IS SO ORDERED this 11th day of August, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**